1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Jason A. Davis [SBN: 224250]
   Davis & Associates
6  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

F I L E D

JAN 2 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

*LB*

| | |
|---|---|
| 12 MAX JOSEPH PLOG-HOROWITZ, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC., | Case No.: |
| 13 14 | |
| 15        Plaintiffs, | COMPLAINT [1] [2] [3] |
| 16 | DEMAND FOR JURY TRIAL |
| 17     vs. | 42 U.S.C. §§ 1983, 1988 |
| 18 KAMALA HARRIS, Attorney General of California, CALIFORNIA | SECOND AMENDMENT |
| 19 DEPARTMENT OF JUSTICE, COTATI POLICE DEPARTMENT, | FOURTH AMENDMENT |
| 20 CITY OF COTATI, ANDREW LYSSAND (CO0339) and DOES 1 TO | FOURTEENTH AMENDMENT |
| 21 20, | |
| 22        Defendants. | |

23

24     [1] A Notice of Related Case Re: *Haynie v. Harris*, 3:10-CV-01255 SI is filed
25  concurrently with this COMPLAINT.

26     [2] A Notice of Related Case Re: *Richards v. Harris*, 3:11-CV-02493 SI is filed
27  concurrently with this COMPLAINT.

28     [3] A Notice of Related Case Re: *Richards v. Harris*, 3:11-CV-05580 SI is filed
    concurrently with this COMPLAINT.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## INTRODUCTION

1. Plaintiff MAX PLOG-HOROWITZ is resident of Sonoma County, California. He is associated with and exercises membership rights in both the THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.

2. On March 29, 2011, Officer ANDREW LYSSAND of the COTATI POLICE DEPARTMENT and an employee of the CITY OF COTATI, unlawfully seized two rifles from and instigated criminal proceedings against Plaintiff PLOG-HOROWITZ for possession of "assault weapons" under California law.

3. The firearms were not illegal under California law and the case against Plaintiff was dismissed. Plaintiff was unlawfully detained, and had property seized and was required to post bail, make court appearances and hire legal counsel due to Defendants' wrongful conduct.

4. Plaintiffs CALGUNS FOUNDATION, INC, and SECOND AMENDMENT FOUNDATION, INC., paid for PLOG-HOROWITZ's criminal defense.

5. Plaintiff PLOG-HOROWITZ, along with the Institutional Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., seek declaratory relief that the California Penal Codes and Regulations defining Assault Weapons are unconstitutionally vague and ambiguous and therefore result in wrongful arrests and the chilling of a fundamental right to "keep and bear" arms of ordinary and common design.

6. Plaintiff MAX PLOG-HOROWITZ, along with the Institutional Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., also seek monetary damages and injunctive relief against the COTATI POLICE DEPARTMENT, the CITY OF COTATI and ANDREW LYSSAND for their unlawful conduct that resulted in the posting of bail, lost wages and expenditures for criminal defense legal work.

/ / / /

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint | Page 2 of 18 | Plog-Horowitz v. Harris

## PARTIES

7.   Plaintiff MAX PLOG-HOROWITZ is a natural person and citizen of the United States and of the State of California.

8.   Plaintiff THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. As part of CGF's mission to educate the public – and gun-owners in particular – about developments in California's firearm laws, CGF assists in the maintenance and contributes content to an internet site: CALGUNS FOUNDATION: Gun Rights. Civil Rights. Your Rights. [http://www.calgunsfoundation.org/]  On that website CGF informs its members and the public at large about pending civil and criminal cases, including but not limited to: arrests, convictions and appeals relating to California gun law.  The website hosts forums and publishes notices that document the concerns that California gun owners have about possible arrest, prosecution and conviction for running afoul of California's vague and ambiguous laws relating to so-called Assault Weapons.  CGF represents its members and supporters, which include California gun owners and Plaintiffs HAYNIE and RICHARDS. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

9.   Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellvue, Washtington.  SAF has over 650,000 members and supporters nationwide, including California.  The purposes of SAF include education, research, publishing and legal action

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    focusing on the Constitutional right to privately owned and possess firearms,

2    and the consequences of gun control. SAF brings this action on behalf of

3    itself and its members.

4    10.    Defendant KAMALA HARRIS is the Attorney General of the State of

5    California and she is obligated to supervise her agency and comply with all

6    statutory duties under California Law. She is charged with enforcing,

7    interpreting and promulgating regulations regarding California's Assault

8    Weapons Statutes. Furthermore, California Penal Code §§ 13500 *et seq.*,

9    establishes a commission on Peace Officer Standards and Training that

10    requires the DEPARTMENT OF JUSTICE, with the Attorney General as an

11    *ex officio* member of the commission, which is to provide personnel, training

12    and training material to cities and counties to insure an effective and

13    professional level of law enforcement within the State of California.

14    Furthermore, California Attorney General KAMALA HARRIS has concurrent

15    prosecutorial jurisdiction with the state's 58 District Attorneys, and she is

16    bound by a duty to seek substantial justice and avoid the filing of criminal

17    charges in which she knows (or should know) are not supported by probable

18    cause. HARRIS also has an independent duty to disclose information

19    beneficial to the accused and by extension she has a duty to prevent wrongful

20    arrests in the first place when she has the power to do so.

21    11.    Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the

22    State of California, headed by the Attorney General of the State, with a

23    statutory duty to enforce, administer and interpret the law and promulgate

24    regulations regarding weapons identified by the California Legislature as

25    "Assault Weapons." This agency also has the power to issue memorandums,

26    bulletins and opinion letters to law enforcement agencies throughout the

27    State regarding reasonable interpretations of what constitutes an "Assault

28    Weapon" under California Law.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

12. Defendant CITY OF COTATI POLICE DEPARTMENT is a state actor located in a political subdivision of the State of California, Sonoma County. Defendant CITY OF COTATI POLICE DEPARTMENT is responsible for setting the policies and procedures of that office, including but not limited to setting policy and conducting training and discipline of peace officers employed by Defendant.

13. Defendant CITY OF COTATI is a state actor located in a political subdivision of the State of California, Sonoma County. Defendant CITY OF COTATI is responsible for setting the policies and procedures of that office, including but not limited to setting policy and conducting training and discipline of peace officers employed by Defendant.

14. Defendant ANDREW LYSSAND (CO0339) was employed by the CITY OF COTATI POLICE DEPARTMENT and/or THE CITY OF COTATI for all relevant time periods.

15. At this time, Plaintiffs are ignorant of the names any additional individual Defendants who participated in the arrests of Plaintiff MAX PLOG-HOROWITZ. Plaintiffs therefore name these individual officers as DOE Defendants and reserves the right to amend this complaint when their true names are ascertained. Furthermore, if/when additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the Defendants named herein, Plaintiff reserves the right to amend this complaint to add those persons and/or entities as Defendants.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

17. This Court has supplemental jurisdiction over any state law causes of action arising from the same operative facts under 28 U.S.C. § 1367.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

18. Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local Rules for bringing an action in this district.

## CONDITIONS PRECEDENT

19. All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

## FACTS - Relating to Wrongful Arrest

20. On or about March 29, 2011, Defendant ANDREW LYSSAND (CO0339) seized two rifles and various other firearm parts and accessories from the Plaintiff MAX PLOG-HOROWITZ.

21. Plaintiff PLOG-HOROWITZ was subsequently arrested pursuant to an arrest warrant on July 19, 2011.

22. Based on reports prepared by Defendant ANDREW LYSSAND (CO0339) Plaintiff MAX PLOG-HOROWITZ was charged with two counts of illegal possession of an "assault weapon." Penal Code § 12280(b) in Case No.: SCR-604614 in Sonoma County.

23. On November 22, 2011, The California Department of Justice Bureau of Forensic Services issued a report that Plaintiffs' firearms were not "assault weapons."

24. On December 12, 2012, the Sonoma County District Attorney's Office dismissed all charges in the above-entitled case.

25. Although he was cleared by the government's own expert, the Sonoma County D.A. declined to stipulate to a finding of factual innocence.

26. The weapons in question – were common and ordinary firearms suitable for exercising the "right to keep and bear arms" under the Second Amendment to the United States Constitution.

27. PLOG-HOROWITZ lost time off of work. He was required to post bail. CALGUNS FOUNDATION, INC., again paid PLOG-HOROWITZ's criminal defense lawyer in an amount according to proof.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          Page 6 of 18                    *Plog-Horowitz v. Harris*

28.  Following this arrest on charges of violating California Penal Code § 12280(b) – possession of an Assault Weapon – Plaintiff PLOG-HOROWITZ has a reasonable fear, that by exercising a fundamental right protected by the U.S. Constitution, he is realistically threatened by a repetition of wrongful arrests.  He further contends that the claim of future injury cannot be written off as mere speculation.  Plaintiff PLOG-HOROWITZ also bases his fear of repeated arrests on the information he obtains from the Calguns.net website the related cases set forth herein.

## FACTS – Relating to Vague and Ambiguous Laws Impacting the Second Amendment

29.  The CALIFORNIA DEPARTMENT OF JUSTICE is the State agency responsible for the training and education of law enforcement agencies with respect to "assault weapons" under Penal Code §§ 12276.5 and 12289.

   a.    Penal Code § 12276.5(c) states: "The Attorney General **shall** adopt those rules and regulations that **may** be necessary **or** proper to carry out the purposes and intent of this chapter." [emphasis added]

   b.    Penal Code § 12289(a) states [in part]: "The Department of Justice **shall** conduct a public education and notification program regarding the registration of assault weapons and the definition of the weapons set forth in Section 12276.1." [emphasis added]

30.  California's definitions of "assault weapons" are set forth at Penal Code §§ 12276 and 12276.1.

31.  The California Code of Regulations interpreting the statutory definition of "assault weapons" are found at Title 11, Division 5, Chapters 39 & 40.

32.  The Orange County Sheriff's Department has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that county.

33.  The City of Sacramento has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that jurisdiction.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

34. The Calguns Foundation Inc., has published a flow-chart to identify weapons that are designated as "assault weapons" under California law.

35. Defendant CALIFORNIA DEPARTMENT OF JUSTICE has promulgated an "Assault Weapons Identification Guide," (3rd edition, Nov. 2001) an 84-page publication which describes the Assault Weapons regulated in Penal Code sections 12276, 12276.1, and 12276.5. In the Guide, the Department acknowledges that a magazine is considered detachable when it "can be removed readily from the firearm with neither disassembly of the firearm action nor use of a tool being required. A bullet or ammunition cartridge is considered a tool."

36. Defendant CALIFORNIA DEPARTMENT OF JUSTICE has declined to issue a statewide bulletin or other directive regarding the "bullet button."

37. Though it would not be unduly burdensome for Defendant CALIFORNIA DEPARTMENT OF JUSTICE to issue a bulletin regarding the technology of the "bullet button" and to develop a field test to insure state-wide compliance with the law, the CALIFORNIA DEPARTMENT OF JUSTICE insists:

   a. That this Court does not have the power to compel issuance of such a bulletin, and/or

   b. That the California Assault Weapon Statutes and Regulations are sufficiently clear that the risk of arrest and prosecution should be borne by the citizens of California and/or that the risks of paying damages for false arrest should be borne by local law enforcement agencies.

   Based on the related litigation, Plaintiffs are prepared to accept Defendants' (DOJ) characterization that the Assault Weapon Statutes and Regulations that they are charged with interpreting, educating the public about and enforcing are not subject to any further clarification by their agency.

38. Instead, Plaintiffs will aver that the entire California Assault Weapon

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 8 of 18                    Plog-Horowitz v. Harris

1   Statutes and the Regulations derived therefrom are vague and ambiguous on

2   their face and as applied to PLOG-HOROWITZ's arrest.

3   39.  Furthermore, Plaintiffs allege that Defendant CALIFORNIA DEPARTMENT

4   OF JUSTICE has contributed – through its policies, procedures and customs

5   – to a state of general confusion of California's Assault Weapons laws thus

6   rendering them hopelessly vague and ambiguous as applied; and thus an

7   infringement of the Second Amendment to the United States Constitution.

8

9   ## **FACTS – *Department of Justice* Creates Confusion**

10  40.  The formation of CGF was partially inspired by a desire to counteract a

11  disinformation campaign orchestrated by the California Department of

12  Justice (DOJ) in response to gun owners realizing the implications of the

13  California Supreme Court Decision in *Harrot v. County of Kings* and the

14  expiration of the Federal Assault Weapons laws.

15  41.  In late 2005, various individuals and licensed gun stores began importing

16  into California AR pattern rifles and the receivers for them.

17  42.  In response to inquiries about the legality of importing and possessing

18  certain AR and AK pattern rifles and receivers, DOJ began replying in their

19  official letters that while THEY were of the opinion that these rifles were

20  legal, local District Attorneys might disagree and prosecute anyway. All of

21  these letters follow a similar pattern of declaring a certain gun part (receiver)

22  legal to import into California and then warning the recipient that

23  California's 58 District Attorneys may have a different opinion that could

24  result in prosecution.  Plaintiffs are in possession of the following:

25         i.    December 12, 2005, letter from DOJ to Ms. Amanda Star

26               rendering an opinion about the legality of a Stag-15 Lower

27               receiver but warning that local prosecutors may disagree and

28               prosecute accordingly.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1
      ii.    January 18, 2006, letter from DOJ to BST Guns also opining out

2
          the legality of firearms, but giving the same warning the 58

3
          county prosecutors could potentially prosecute anyway.

4
      iii.   December 28, 2005, letter from DOJ to Matthew Masuda.

5
      iv.   December 27, 2005, letter from DOJ to Christopher Kjellberg.

6
      v.    December 27, 2005, letter from DOJ to Kirk Haley.

7
      vi.   December 28, 2005, letter from DOJ to Mark Mitzel.

8
      vii.  December 28, 2005, letter from DOJ to Jason Paige.

9   43.   From February to May 2006, the California Department of Justice issued a

10 series of memorandums that were obtained as part of a California Public

11 Records Request. Plaintiffs are in possession of these memoranda and they

12 are remarkable because:

13       a.   The Department of Justice made changes to the various versions of

14          these memorandum due to Jason Davis, then an attorney for the

15          National Rifle Association, pointing out legal flaws in the various

16          iterations.

17       b.   In all versions of the memorandum, the Department of Justice directly

18          conflicted the previously published Assault Weapons Information

19          Guide by stating that owners of a firearm with features had to,

20          "permanently alter the firearm so that it cannot accept a detachable

21          magazine." "Permanent alteration" is not required in the Penal Code,

22          the Assault Weapons Information Guide, or the then existing

23          California Code of Regulations 11 C.C.R. 5469 or the penal code.

24   44.   On or about May 10, 2006, DOJ counsel Alison Merrilees informed a member

25 of the public that the DOJ wished to create a test case, "[w]e are eagerly

26 awaiting a test case on this, because we think we'll win." Plaintiffs are in

27 possession of a true and correct copy of the email that was obtained as part of

28 a Public Records Act request.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

45. In May 2006, DOJ issued an internal memo to phone staff that stated, "It is DOJ's opinion that under current law, a semiautomatic centerfire rifle that is modified to be temporarily incapable of accepting a detachable magazine, but can be restored to accommodate a detachable magazines, is an assault weapons if it has any of the features listed in §12276.1(a)(1)," and "Individuals who alter a firearm designed and intended to accept a detachable magazine in an attempt to make it incapable of accepting a detachable magazine do so at their legal peril," stating further, "[w]hether or not such a firearm remains capable of accepting a detachable magazine is a question for law enforcement agencies, district attorneys, and ultimately juries of twelve persons, not the California Department of Justice." Plaintiffs have a copy of this memorandum which was obtained as part of a Public Records Act Request.

46. On or about June 6, 2006, DOJ issued a Notice of Proposed Rulemaking. The proposed amendment would have "define[d] a sixth term, "capacity to accept a detachable magazine", as meaning "capable of accommodating a detachable magazine, but shall not be construed to include a firearm that has been permanently altered so that it cannot accommodate a detachable magazine." Plaintiffs are in possession of a true and correct copy of the notice.

47. On or about November 1, 2006, DOJ issued a "Text of Modified Regulations" The updated text attempted to define "detachable magazine" as "currently able to receive a detachable magazine or readily modifiable to receive a detachable magazine" and had other "permanency" requirements.  Plaintiffs are in possession of a true and correct copy of the notice.

48. Plaintiff CGF alleges on information and belief, DOJ did not submit the aforementioned Modified Regulations to the Office of Administrative Law ("OAL") and thus the 2006 Rulemaking did not take effect.

49. On or about July 11, 2007, CGF (through Gene Hoffman, the Chairman of

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    Page 11 of 18                    Plog-Horowitz v. Harris

1    CGF) petitioned the OAL to have them find that the continued publication of

2    the "Important Notice" Memorandum after the 2006 Rulemaking that was

3    not submitted to OAL was an "Underground Regulation."

4    50.    On or about September 11, 2007, OAL accepted Hoffman's petition.

5    51.    On or about September 21, 2007, OAL suspended it's review as DOJ issued a

6    certification on or about September 20, 2007, that stated, "[DOJ] reserves the

7    right to interpret the law in any case-specific adjudication, as authorized in

8    *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557,572."

9    Plaintiffs are in possession of true and correct copies of the letters from the

10   OAL along with DOJ's certification relating to these rule making issues.

11   52.    The reservation in the certification of September 20, 2007, leads to

12   uncertainty over whether the DOJ would take the position that permanence

13   was required for modifications to a firearm so that the firearm would not

14   have "the capacity to accept a detachable magazine."

15   53.    On or about September 29, 2008, DOJ responded to a letter inquiry about the

16   legality of selling a semiautomatic center fire rifle with an alternate version

17   of the "bullet button" colloquially known as the Prince-50 kit. DOJ stated:

18        "Since there are no statutes, case law, or regulations concerning
19        whether a rifle that is loaded with a fixed, removeable magazine can
          also be considered to have the 'capacity to accept a detachable
20        magazine,' we are unable to declare rifles configured with the 'Prince
21        50 Kit' or 'bullet button' to be legal or illegal."

22   Plaintiffs are in possession of true and correct copies of this letter.

23   54.    On or about November 3, 2008, DOJ replied to Kern County DA Edward

24   Jagels:

25        "Since there are no statutes, case law, or regulations concerning
          whether a rifle that is loaded with a fixed, removeable magazine
26        can also be considered to have the 'capacity to accept a
27        detachable magazine,' we are unable to declare rifles configured
          with the 'Prince 50 Kit' or 'bullet button' to be legal or illegal."

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    Plaintiffs are in possession of a true and correct copy of this letter.

2    55.    Not only is the CALIFORNIA DEPARTMENT OF JUSTICE claiming it has

3    no duty to issue a clarifying bulletin to the State's District Attorneys and

4    Law Enforcement Community, on this issue; they have apparently engaged

5    in a pattern of disinformation and confusion on the issue of whether a rifle

6    fitted with a device that makes it incapable of accepting a detachable

7    magazine is legal to own in California. It could be argued that CALIFORNIA

8    DEPARTMENT OF JUSTICE 's firearms division has created such a state of

9    confusion that the entire statutory and regulatory scheme for defining

10   California Assault Weapons is hopelessly, and unconstitutionally vague and

11   ambiguous.

12   ## FACTS – Calguns Foundation, Inc., Ongoing Efforts to
     ## Assist Law Abiding Gun Owners

13   56.    The CALGUNS FOUNDATION, INC., has defended many incidents of law

14   abiding gun owners and retailers whose firearms were either seized, the

15   individual was arrested and/or charged with violating Assault Weapons

16   Control Act.

17        a.     In approximately April 2007, Matthew Corwin was arrested and

18               charged with multiple violations of the AWCA. See *People v. Matthew*

19               *Corwin*, Case No. GA069547, Los Angeles Superior Court.

20        b.     In June 2008, John Contos was arrested and charged in Solano County

21               with a violation of Penal Code § 12280 - possession/manufacturing of

22               Assault Weapons based on the allegation that his rifle had an illegal

23               thumb-hole stock. The case number was VCR198514-VF. CGF funded

24               the defense of Mr. Contos. The case was dismissed and the D.A.

25               stipulated to a finding of factual innocence.

26        c.     In November 2008, John Crivello had a semiautomatic centerfire rifle

27               with a "bullet button" magazine release seized from his home in Santa

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Cruz, California by the Santa Cruz Police Department. Counsel provided by CGF educated the Santa Cruz District Attorney's office. Counsel to CGF was advised that DOJ stated that it was unclear whether the bullet button was legal but that the District Attorney should file anyway. The District Attorney (ADA Dave Genochio and/or Charlie Baum) dropped charges and the firearm was returned to Mr. Crivello. CGF spent $645.00 defending Mr. Crivello.

d.  On or about November 3, 2009, Deputy J. Finley of Orange County Sheriff's Department seized a "bullet button" equipped Stag Arms AR-15 style firearm from Stan Sanders. CGF counsel was engaged to explain the legality of the firearm to the Orange County Sheriff's Department and the firearm was subsequently returned to Mr. Sanders. The Orange County Training Bulletin was issued partially in response to this incident. CGF spent $650.00 defending Mr. Sanders.

e.  On or about March 30, 2010, Robert Wolf was arrested by the Riverside County Sheriff's Department for possession of a semiautomatic centerfire rifle with a "Prince 50 Kit." CGF counsel intervened and had the case dismissed on or about November 11, 2010. CGF spent $5,975.00 defending Mr. Wolf.

f.  Please also see the related actions including but not limited to:

i.  *Haynie v. Harris*, 3:10-CV-01255 SI.

ii.  *Richards v. Harris*, 3:11-CV-02493 SI.

iii.  *Richards v. Harris*, 3:11-CV-05580 SI.

57.  Plaintiffs allege on information and belief that there may be other innocent gun owners, who without the resources of THE CALGUNS FOUNDATION, INC., and/or THE SECOND AMENDMENT FOUNDATION, were charged under these vague and ambiguous statutes/regulations and plead guilty (or no contest) to lesser charges to avoid a felony conviction.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 14 of 18                    *Plog-Horowitz v. Harris*

## FACTS – Semi-Automatic, Center-Fire Rifles and Handguns are "Arms" Protected by the Second Amendment.

58. Plaintiffs herein allege that semi-automatic center-fire rifles and handguns with detachable magazines and any number of additional features (e.g., pistol grips, collapsible stocks, flash suppressors, etc...) are "arms" protected by the Second Amendment to the United States Constitution. Furthermore, to the extent that California seeks to regulate the manufacturing, acquisition and possession of semi-automatic, center-fire rifles with detachable magazines, it must define them in a way that is not vague and ambiguous.

59. Even assuming *arguendo* that Plaintiffs are wrong and some semi-automatic, center-fire rifles and handguns with detachable magazines are not protected by the Second Amendment – California's "assault weapon" laws are still unconstitutional because innocent gun owners continue to be arrested for mere possession of the sub-class of these weapons that are legal and therefore absolutely protected by the Second Amendment.

60. Plaintiff herein allege that the state of confusion caused by the current vague and ambiguous statues/regulations continues to result in the wrongful arrests of innocent gun-owners while they are exercising a fundamental "right to keep and bear" lawful firearms. These wrongful arrests and the chilling of fundamental rights violates the Second Amendment to the United States Constitution as that right is incorporated against state action through the Fourteenth Amendment.

### FIRST CLAIM FOR RELIEF:
### SECOND AMENDMENT, UNITED STATES CONSTITUTION
### 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF
### ALL PLAINTIFFS vs DEFENDANTS: HARRIS AND
### CALIFORNIA DEPT OF JUSTICE

61. Paragraphs 1 through 60 are incorporated by reference as though fully set forth.

62. California's "assault weapon" Statutes and Regulations are

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          Page 15 of 18                    *Plog-Horowitz v. Harris*

1  unconstitutionally vague and ambiguous and have resulted in the wrongful

2  arrest, detention and prosecution of law-abiding citizens exercising their

3  Second Amendment right to 'keep and bear arms' that are in common use for

4  lawful purposes.

5  63.  California's "assault weapon" statutes and regulations are unconstitutionally

6  vague and result in the wrongful confiscation of common and ordinary

7  firearms, that are protected by the Second Amendment, from their law-

8  abiding owners.

9
    **SECOND CLAIM FOR RELIEF:**
10  **FOURTH AMENDMENT | UNITED STATES CONSTITUTION**
    **42 USC § 1983, 1988 - INJUNCTIVE RELIEF**
11  **ALL PLAINTIFFS vs DEFENDANTS: CITY OF COTATI,**
    **CITY OF COTATI POLICE DEPARTMENT and ANDREW LYSSAND.**
12
    64.  Paragraphs 1 through 63 are incorporated by reference as though fully set
13
    forth.
14
    65.  Plaintiffs MAX PLOG-HOROWITZ, THE CALGUNS FOUNDATION, INC.,
15
    and THE SECOND AMENDMENT FOUNDATION, INC., seek injunctive
16
    relief against the Defendants CITY OF COTATI and CITY OF COTATI
17
    POLICE DEPARMENT and ANDREW LYSSAND that will require
18
    amendments to their policies and training to address:
19
    a.  Identification of "assault weapons" under California law.
20
    b.  Compliance with the Fourth Amendments.
21
    66.  Said injunctive relief will insure uniform and just application the Fourth
22
    Amendment and of California's Weapons Control Laws.  Uniform and just
23
    enforcement of these laws are important because these laws effect the
24
    fundamental Second Amendment right of every law abiding citizen to keep
25
    and bear arms that are in common use for lawful purposes.
26
    ////
27
    ////
28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**THIRD CLAIM FOR RELIEF:**
**FOURTH AMENDMENT | UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - DAMAGES**
**PLAINTIFFS vs DEFENDANTS: CITY OF COTATI,**
**CITY OF COTATI POLICE DEPARTMENT and ANDREW LYSSAND.**

67.  Paragraphs 1 through 66 are incorporated by reference as though fully set forth.

68.  Plaintiffs MAX PLOG-HOROWITZ and THE CALGUNS FOUNDATION, INC., seek damages against the Defendants CITY OF COTATI, CITY OF COTATI POLICE DEPARTMENT and ANDREW LYSSAND in an amount according to proof for losses incurred as a result of the wrongful seizure and prosecution of PLOG-HOROWITZ, including but not limited to expenditures (fees/costs) associated with the defense of the criminal charges and lost wages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs requests that this Court:

A.  Issue a declaratory judgment and/or injunctive relief that California's "assault weapon" statutes and regulations are unconstitutional.

B.  Injunctive relief against CITY OF COTATI, CITY OF COTATI POLICE DEPARTMENT and ANDREW LYSSAND. to prevent future violations of the Second and Fourth Amendment.

C.  Damages from CITY OF COTATI, CITY OF COTATI POLICE DEPARTMENT and ANDREW LYSSAND in an amount according to proof.

D.  Award costs of this action to all the Plaintiffs.

E.  Award reasonable attorney fees and costs to the Plaintiffs on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Code of Civil Procedure § 1021.5.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 17 of 18                    *Plog-Horowitz v. Harris*

1    F.    Such other and further relief as this Court may deem appropriate.

2

3   Respectfully Submitted.

4   Dated: January 27, 2012,

5

6   /s/                                                    /s/
    Donald Kilmer, Jr. [SBN: 179986]         Jason A. Davis [SBN: 224250]
7   Law Offices of Donald Kilmer, APC        Davis & Associates
    1645 Willow Street, Suite 150            27281 Las Ramblas, Suite 200
8   San Jose, California 95125               Mission Viejo, CA 92691
    Voice: (408) 264-8489                    Voice: (949) 310-0817
9   Fax:   (408) 264-8487                    Fax:   (949) 288-6894
    E-Mail: Don@DKLawOffice.com              E-Mail: Jason@CalGunLawyers.com

10

11  Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

28